**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI**

In Re:                                )
                                      )
Dara Daugherty                        )
              Debtor                  )   Case No: 25-42469-659
                                      )   Chapter:  11
                                      )
                                      )   William H. Ridings, Jr. #84392
                                      )   2510 S. Brentwood Blvd., Ste. 205
                                      )   Brentwood, MO 63144
                                      )
                                      )

**OBJECTION TO DEBTOR'S PLAN AND/OR MOTION TO DISMISS THE
PLAN OF REORGANIZATION OR IN THE ALTERNATIVE, BE INCLUDED
AS A CLAIMANT IN THE PLAN OF REORGANIZATION**

COMES NOW James Cole, by and through counsel, and states the following in support of its motion:

1.      James Cole (hereinafter Cole) obtained a judgment against AAA Sunshine Investments, LLC and Dara Daugherty (hereinafter Daugherty) in cause number 2322-CC00795 in the Twenty-Second Judicial District of Missouri on September 7, 2023.

2.      Said judgment was transcribed on July 14, 2024, in 24SL-TJ03011 and effectively operates as a lien on all property of AAA Sunshine Investments, LLC and Dara Daugherty.

3.      The principal amount of Cole's judgment is $1,821,480.00 and is listed for its full amount in Schedule D of form 106D as $2,086,599.00.

4.      Plaintiff filed an execution and levied upon Daugherty's property located at 8626 Rosalie, St. Louis, MO 63144 on July 3, 2024.

5.      Daugherty filed a motion to set aside the judgment on August 2, 2024, which motion was denied on December 19, 2024.

6.      Defendant filed a notice of appeal on December 19, 2024

7.      Debtor filed this bankruptcy proceeding on June 30, 2025.  Plaintiff is listed as a creditor and his claim is marked as disputed.  Said judgment was also listed in the property valuation of the petition, specifically number 19.

8.      Daugherty failed to include Cole's judgment in the Plan of Reorganization filed January 23, 2026. Document 64.

9.      Cole's judgment still operate as a lien on the property, despite the bankruptcy filing.  Because of this fact, Cole should be included in the reorganization plan and the payment distribution.

10.     Cole also objects to the debtor's statement that her brother's anticipated release from prison will significantly improve her ability of a successful repayment plan. Debtor previously stated in the attached motion that her brother's drug issues led to the default judgment against her.  Exhibit 1, Appellant's brief, p. 7 (emphasis mine).

11.     Further, Cole objects to the property values which appear below market value.  The Rosalie property is listed by debtor at $225,000.00 but the St. Louis County Assessor has the 2025 appraised value at $289,500.00.

12.     Defendant owns or has interest in many other properties with values that are not accurately listed.  Details of the property and of the relationship between the debtor and other parties' ownership are contained within 2422-CC00080, an action brought by the City of St. Louis against Dara Daugherty, et. al.  Exhibit 2, pp. 3-8.

WHEREFORE, James Cole prays for an order of this Court denying the Plan of Reorganization; or in the alternative, that the Court order Debtor to include Cole in the Plan of Reorganization; for costs; for attorney's fees; and for such other and further relief as this court deems proper and just in the premises.

THE LAW OFFICES OF
JAY B. UMANSKY, P.C.

By_____/s/ Jay B. Umansky_____
   Jay B. Umansky, MBE# 29984
   Amy J. Newell, MBE# 51718
   Wendy K. Weber, MBE# 76330
   Attorneys for Creditor James Cole
   12460 Olive Boulevard, Suite 118
   St. Louis, Missouri 63141
   (314) 628-1177
   (314) 628-9733 FAX
   jumansky@stllaw.net;
   anewell@stllaw.net;
   wweber@stllaw.net
   File Code: 169076

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served via the electronic case filing system, on the 16th day of February 2026 to: William H. Ridings, Jr., Attorney for Dara Daugherty, 2510  S. Brentwood Blvd., Ste 205, St. Louis, MO 63144

_____/s/ Jay B. Umansky_____

**IN THE MISSOURI COURT OF APPEALS
EASTERN DISTRICT**

---

**No. ED113341**

---

**Dara J. Daugherty, and
AAA Sunshine Investments, LLC**

**Appellants,**

**vs.**

**James Cole,**

**Respondent.**

---

**On Appeal from the Circuit Court of the City of St. Louis
State of Missouri
Twenty-Second Judicial Circuit
The Honorable Joseph P. Whyte**

---

**APPELLANTS DARA J. DAUGHERTY'S AND AAA SUNSHINE
INVESTMENTS, LLC'S BRIEF**

> **KISTNER, HAMILTON, ELAM & MARTIN, LLC**
> **Elkin L. Kistner, #35287**
> William E. Kistner, #70540
> **1406 North Broadway**
> **St. Louis, MO 63102**
> **Telephone: (314) 783-9798**
> **Facsimile:  (314) 944-0950**
> **E-mail: elkinkis@law-fort.com**
> **E-mail: bill@law-fort.com**
> *Attorneys for Appellants*

Exhibit 1

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................... 2

JURISDICTIONAL STATEMENT ............................................................................... 3

STATEMENT OF FACTS ............................................................................................. 4

POINTS RELIED ON .................................................................................................... 8

ARGUMENT .................................................................................................................. 9

CONCLUSION ............................................................................................................. 17

CERTIFICATE OF SERVICE .................................................................................... 18

CERTIFICATE OF COMPLIANCE .......................................................................... 18

1

## TABLE OF AUTHORITIES

Cases

Brungard v. Risky's Inc., 240 S.W.3d 685 (Mo. 2007) . . . . . . . . . . . . . . . . . . . . . . 10, 14

Coble v. NCI Bldg. Sys., Inc., 378 S.W.3d 443 (Mo. App. W.D 2012) . . . . . . . . . . . .8, 13

Great S. Sav. & Loan Ass'n v. Wilburn, 887 S.W.2d 581 (Mo. 1994) . . . . . . . . . . . .11, 12

H.J.I. by J.M.I. v. M.E.C., 961 S.W.2d 108 (Mo. App. W.D. 1998) . . . . . . . . . . . . . 9, 15

Mullins v. Mullins, 91 S.W.3d 667 (Mo. App. W.D. 2002) . . . . . . . . . . . . . . . . . . .8, 12

Myers v. Pitney Bowes, Inc., 914 S.W.2d 835 (Mo. App. S.D. 1996) . . . . . . . . . .8, 11, 13

Newton v. Manley, 824 S.W.2d 522 (Mo. App. S.D. 1992) . . . . . . . . . . . . . . . . . . . . 10

Pyle v. FirstLine Transp. Sec., Inc., 230 S.W.3d 52 (Mo. App. W.D. 2007) . . . . .8, 12, 13

Yerkes v. Asberry, 938 S.W.2d 307 (Mo. App. E.D. 1997) . . . . . . . . . . . . . .9, 14, 16, 17

Rules

Rule 74.05(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8, 9, 10, 13, 14, 15, 16, 18

## JURISDICTIONAL STATEMENT

Appellants AAA Sunshine Investments, LLC, and Dara J. Daugherty ("Appellants") appeal from a December 19, 2024 Order and Judgment entered by the Honorable Joseph P. Whyte of the Circuit Court of the City of St. Louis, Missouri. Appellants timely filed their Notice of Appeal to this Court on June 30, 2025.

This appeal does not involve any issues that are within the exclusive jurisdiction of the Supreme Court of Missouri as established by Art. V, § 3 of the Missouri Constitution. Thus, pursuant to Article V, Section 3, of the Missouri Constitution, this Court has jurisdiction over this appeal. Moreover, § 536.140.6, RSMo. and § 512.020, RSMo specifically authorize appellate review of the Circuit Court's decision in this matter.

## STATEMENT OF FACTS

On April 1, 2023 Respondent James Cole filed his Petition in the Trial Court.  It alleges that on or about April 23, 2021 Respondent James Gibson ("Respondent") stabbed and severely injured him on premises owned and operated by Appellants.  Doc. 2, ¶¶ 15 through 19.  The pleading further avers that Appellants have liability to Respondent for his injuries based on claims sounding in negligence and alter ego liability.[1]  Id., ¶¶ 42.

On August 2, 2023, Respondent obtained an interlocutory default judgment against Appellants and on September 7, 2023, he obtained a final judgment against these them.  Doc. 8.  The final default judgment is in the amount of $1,821,480.00.  Doc 8, p. 2.

On August 2, 2024, Respondents filed their Rule 74.05 Motion To Set Aside Interlocutory And Final Default Judgments Against Defendants Dara J. Daugherty And AAA Sunshine, LLC.  Doc. 9 ("Respondents' Motion").  Doc. 9.  Respondents' Motion was supported by the Affidavits of Dara J. Daugherty and Dack Daugherty, and included a proposed Answer.  Doc. 10, 11, 12.  Paragraph 1 of Dara's Affidavit recites that she has personal knowledge of the facts described therein.  Doc. 10, p. 1.  Paragraph 5 of that Affidavit recited that she had read the Petition and Respondents' Proposed Answer, and that paragraphs 1-7, 15, 16, 20-27, 32, 33, 36, 43 through 54, 56 58, 59 and 61-70 of that proposed pleading were accurate.  Id.

---

[1] Count III states a claim against Defendant Gibson sounding in Battery.

4

Respondents' proposed Answer, as verified by Dara on the basis of personal knowledge, pleaded that she denied the following things, events and circumstances:

- she denied that the premises rented to Respondent were not maintained to a reasonable standard of habitability (¶ 20);

- she denied that the premises attracted criminals and posed a threat to others (¶ 21);

- she denied that Appellants conducted no screening of potential tenants at the premises (¶ 22);

- she denied that the premises, as maintained by Appellants, was a haven for dangerous people (¶¶ 27, 49);

- she denied that other properties owned by Appellants were improperly maintained (¶ 33);

- she denied that Appellants' business practices attracted dangerous people based on calls for service connected to the premises (¶ 56) and other properties they owned (¶¶ 50, 57);

- she denied that Appellants knew that Defendant Gibson was dangerous (¶ 52);

- she denied that Appellants had sufficient time to prevent criminal activities at the premises (¶ 54);

- she denied that Appellants were negligent in any claimed respect as to their maintenance of the premised (¶ 56);

5

- she denied that Appellants' negligence caused Respondent to be injured (¶ 58);

- she denied that Appellants' conduct was wanton and malicious (¶ 59);

- she denied that Appellant Dara Daugherty dominated the management of the Premised such that it was improperly maintained (¶63); and

- she denied that Appellant Dara Daugherty failed to adequately capitalize Appellant AAA Sunshine Investments, LLC and utilized the corporate structure of that LLC to engage in unlawful conduct (¶¶ 64-70).

Doc. 12.

The Affidavit of Dara Daugherty and Affidavit of Dack Daugherty also addressed the reasons for Appellants' default. Dack Daugherty, the brother of Appellant Dara Daugherty, averred that in the Spring of 2023 Dara informed him that she was served with a copy of the Petition in this matter and asked for his help in responding to it. Doc 11, p. 1. Dack took a copy of the Petition and told Dara that he would find an attorney to enter an appearance on behalf of Dara and Appellant AAA Sunshine Investments, LLC. Doc. 11, p. 2. Shortly afterwards Dack told Dara that he actually had found an attorney to enter for Dara and AAA. Id. However, Dack did not in fact do so, and he explained in his affidavit that he has suffered from serious substance abuse issues for many years. In her affidavit, Dara stated that Dack's description of events was correct, and further explained that she relied on Dack for help with her business affairs, including in situations involving lawsuits, and that Dack had never previously failed to obtain legal counsel for her or her business. Doc. 12, pp. 1-2.

6

On September 16, 2024, Respondent filed his Response In Opposition to the Motion.  Doc. 13.  That Response was filed just hours before the Trial Court held a September 16, 2024 hearing on Respondents' Motion; accordingly, in an order entered on that day, Respondents were granted two days --- until September 18, 2024 --- to file a Reply, at which point Respondents' Motion would be taken under submission.[2]  The record materials that the parties properly submitted to the Trial Court contained no evidence of: any expenditure by Respondent in reliance on, or in furtherance of the Default Judgment; or an undue prejudice the Respondent would suffer if the Trial Court were to set aside the Default Judgment.

On December 19, 2024, the Trial Court entered an Order and Judgment[3] denying the Motion To Set Aside.  Doc. 27; App. A-1 – A-11.  The Judgment cites Mullins v. Mullins, 91 S.W. 3d 667, 672 (Mo. App. W.D. 2002) for the proposition that failure to respond to a lawsuit in any manner necessarily amounts to reckless conduct.  Doc. 27, p. 5; App. A-5.  The Judgment also concludes that Respondents' Motion failed to allege sufficient facts to establish that Respondents had any meritorious defense to Respondents claims.  Doc. 27, pp. 8-9; App. A-8 – A-9.

---

[2] On September 19, 2024, Respondent filed a Supplemental Memorandum In the Trial Court, without seeking leave to do so.  Doc. 23.
[3] Hereinafter, "Judgment".

## POINTS RELIED ON

**I.**  **The Circuit Court erred in denying Appellants' Motion to Set Aside Default Judgment, because Appellants established "good cause" pursuant to Rule 74.05(d), in that the evidence shows that Appellant Dara Daugherty mistakenly believed she secured counsel to represent Appellants, and such conduct amounts to at most negligence but not recklessness.**

Pyle v. FirstLine Transp. Sec., Inc., 230 S.W.3d 52 (Mo. Ct. App. 2007)

Myers v. Pitney Bowes, Inc., 914 S.W.2d 835 (Mo. Ct. App. 1996)

Coble v. NCI Bldg. Sys., Inc., 378 S.W.3d 443 (Mo. Ct. App. 2012)

**II.**  **The Circuit Court erred in denying Appellants' Motion to Set Aside Default Judgment, because Appellants established a "meritorious defense" pursuant to Rule 74.05(d), in that Appellants' proposed affirmative defenses, when read together with the allegations in the Petition, as well as Appellants' verified denials of the allegations in the petition concerning Appellants' alleged negligent upkeep of the property in question and Defendant Gibson's violent tendencies, demonstrate** an arguable theory of defense.

Yerkes v. Asberry, 938 S.W.2d 307, 309 (Mo. App. E.D. 1997)

H.J.I. by J.M.I. v. M.E.C., 961 S.W.2d 108, 119 (Mo. App. W.D. 1998)

**ARGUMENT**

**I.      The Circuit Court erred in denying Appellants' Motion to Set Aside Default Judgment, because Appellants established "good cause" pursuant to Rule 74.05(d), in that the evidence shows that Appellant Dara Daugherty mistakenly believed she secured counsel to represent Appellants, and such conduct amounts to at most negligence but not recklessness.**

Standard of Review

A decision to grant or deny a motion to set aside pursuant to Rule 74.05(d) is reviewed for abuse of discretion.  Brungard v. Risky's Inc., 240 S.W.3d 685, 686 (Mo. 2007).  However, "[br]oad discretion is afforded to trial court decisions granting motions to set aside a default judgment while the trial court has narrowed discretion in decisions denying a motion."  Id. at 687.

The Judgment should therefore be reviewed for abuse of the narrowed discretion afforded to decisions denying a motion to set aside.

Analysis

The Circuit Court abused its discretion in denying Appellants' Motion to Set Aside because the decision was based in part on a misapplication of the law concerning what constitutes "good cause" to set aside a default judgment.

Rule 74.05(d) provides what must be pleaded in a motion to set aside a default judgment: "Upon motion stating facts constituting a meritorious defense and for good cause shown …."  Rule 74.05(d), first sentence.  In the second sentence of the rule, a legal precondition to granting the motion is specified: "The motion shall be made within

9

a reasonable time not to exceed one year after the entry of the default judgment." Rule 74.05(d). App. A-12.

Under Rule 74.05(d), "good faith mistakes do constitute good cause, and a default judgment can now be vacated even if the movant has negligently failed to file a timely answer." Newton v. Manley, 824 S.W.2d 522, 524 (Mo. Ct. App. 1992). Furthermore, "[w]here a reasonable doubt exists as to whether the conduct was intentionally designed or irresponsibly calculated to impede the work of courts, it should be resolved in favor of good faith. Myers v. Pitney Bowes, Inc., 914 S.W.2d 835, 839 (Mo. Ct. App. 1996).

In this case, Appellants submitted an Affidavit of Dara Daugherty and Affidavit of Dack Daugherty in support of their Motion, which explained the reasons for Appellants' default. Dack Daugherty, the brother of Appellant Dara Daugherty, averred that in the Spring of 2023 Dara informed him that she was served with a copy of the Petition in this matter and asked for his help in responding to it. Doc 11, p. 1. Dack took a copy of the Petition and told Dara that he would find an attorney to enter an appearance on behalf of Dara and Appellant AAA Sunshine Investments, LLC. Doc. 11, p. 2. Shortly afterwards Dack told Dara that he actually had found an attorney to enter for Dara and AAA. Id. However, Dack did not in fact do so, and he explained in his affidavit that he has suffered from serious substance abuse issues for many years. In her affidavit, Dara stated that Dack's description of events was correct, and further explained that she relied on Dack for help with her business affairs, including in situations involving lawsuits, and that Dack had never failed to obtain legal counsel for her or her business. Doc. 12, pp. 1-2. Dara.

Despite this uncontradicted evidence, the Circuit Court concluded that Appellants failed to establish good cause because Dara did not take *additional* steps to prevent default or inquire about the status of the lawsuit other than speaking with her brother Dack and receiving his assurance that he had obtained counsel to enter for Dara and AAA in this lawsuit.  Doc. 27, p. 7; App. A-7.  The Court found that this constituted reckless conduct, appearing to rely on Great S. Sav. & Loan Ass'n v. Wilburn, 887 S.W.2d 581 (Mo. 1994) and Mullins v. Mullins, 91 S.W.3d 667 (Mo. Ct. App. 2002).  Id.; Doc. 27, pp. 5-6; App. A-5 – A-6.

The Circuit Court's reliance on Great Southern Sav. and Mullins is misplaced.  In Mullins, the movant admitted that he received a copy of the petition but did not take any action to enter an appearance, and did not even consult with an attorney until three months after the default judgment was entered.  91 S.W.3d at 671.  Furthermore, the trial court specifically found that the movant's testimony to the effect that he believed the lawsuit was "called off" was not credible.  Id.  Thus, the trial court in Mullins did not abuse its discretion in finding that the movant consciously chose to ignore the litigation, which amounts to recklessness.  Great Southern Sav. is similar in that the movant was aware of the lawsuit but failed to do anything until after the end of the answer period. 887 S.W.2d at 584.  Thus, these cases stand for the proposition that a litigant who is conscious of the fact that no attorney has entered on their behalf prior to the end of the answer is reckless, as opposed to merely negligent.

This case is dissimilar because the evidence submitted in connection with Appellants' Motion establishes that Dara Daugherty was told by her brother Dack that

11

counsel had been hired to represent her and AAA in this lawsuit.  The Circuit Court

concluded that Dara acted imprudently by failing to make further inquiries.  But that

failure on the part of Dara Daugherty amounts to negligence, not recklessness.

Pyle v. FirstLine Transp. Sec., Inc., 230 S.W.3d 52, 59 (Mo. Ct. App. 2007) (for purposes

of the good cause analysis, "A person is negligent, if his inadvertence, incompetence,

unskillfulness or failure to take precautions precludes him from adequately coping with a

possible or probable future emergency.").

Thus, this case is much more similar to Pyle wherein "the party seeking relief

from a default judgment offered some evidence of specific circumstances that explained

the negligence of the defendant's agents or employees, and explained the actual

disposition of the relevant documents." Coble v. NCI Bldg. Sys., Inc., 378 S.W.3d 443,

450 (Mo. Ct. App. 2012) (characterizing Pyle and similar cases).

Moreover, the evidence in this case demonstrates that the Appellants are not

sophisticated in business, in that both of the people responsible for managing the business

have submitted affidavits describing health or substance abuse issues that impair their

ability to responsibly manage business affairs.  Doc. 11; Doc. 21.  This too weighs in

favor of finding that Appellants were merely negligent in failing to file a responsive

pleading in this lawsuit.

Thus, the evidence presented establishes at least reasonable doubt as to whether

the Daugherty Defendants' conduct in failing to file a responsive pleading was

intentionally designed or irresponsibly calculated to impede the work of courts, and Rule

74.05(d) requires that doubt to be resolved in favor of finding "good cause" to set aside

12

the default judgment. <u>Myers v. Pitney Bowes, Inc.</u>, 914 S.W.2d 835, 839 (Mo. Ct. App.

1996).  The Circuit Court's contrary conclusion is an abuse of discretion.

**II.     The Circuit Court erred in denying Appellants' Motion to Set Aside Default Judgment, because Appellant's established a "meritorious defense" pursuant to Rule 74.05(d), in that Appellants' proposed affirmative defenses, when read together with the allegations in the Petition, as well as Appellants' verified denials of the allegations in the petition concerning Appellants' alleged negligent upkeep of the property in question and Defendant Gibson's violent tendencies, demonstrate an arguable theory of defense.**

Standard of Review

A decision to grant or deny a motion to set aside pursuant to Rule 74.05(d) is

reviewed for abuse of discretion.  <u>Brungard v. Risky's Inc.</u>, 240 S.W.3d 685, 686 (Mo.

2007).  However, "[br]oad discretion is afforded to trial court decisions granting motions

to set aside a default judgment while the trial court has narrowed discretion in

decisions denying a motion."  Id. at 687.

The Judgment should therefore be reviewed for abuse of the narrowed discretion

afforded to decisions denying a motion to set aside.

Analysis

The trial court abused its discretion in denying Appellant's Motion because the

decision was based in part on a misapplication of the law concerning what constitutes a

"meritorious defense" pursuant to Rule 74.05(d).

13

Appellants satisfy the meritorious defense element of Rule 74.05(d) because they filed a proposed Answer denying material allegations in Plaintiff's Petition and asserting affirmative defenses, which is supported by Dara Daugherty's affidavit attesting to the truth of the denials in the Answer.

Importantly, "[i]n order to show a meritorious defense, the party in default need not present extensive evidence." Yerkes v. Asberry, 938 S.W.2d 307, 309 (Mo. App. E.D. 1997). "Rather, the party need only make a showing of an arguable theory of defense." Id. "Further, the concept of meritorious defense is not intended to impose a 'high hurdle,' but is designed to allow the case to be decided on the merits where there are legitimate issues to be considered." Id. (quoting LaRose v. Letterman, 890 S.W.2d 347, 351 (Mo. App. S.D. 1994).

It is well-settled that courts may consider proposed Answers, as well as any affidavits and exhibits, in determining whether a meritorious defense exists for purposes of Rule 74.05(d). H.J.I. by J.M.I. v. M.E.C., 961 S.W.2d 108, 119 (Mo. App. W.D. 1998).

In this case, the Circuit Court concluded that Appellant's "failed to show facts constituting a meritorious defense." Doc. 27, p. 8; App. A-7. In reaching this conclusion, the court apparently refused to consider the affidavit of Dara Daugherty, based on personal knowledge, in which she attested to the denials of material allegations in the Petition. Id. The Circuit Court relied on the fact that some of these denials were made on the basis of "information and belief". Id. However, Dara Daugherty denied many of the material allegations of the petition outright, with no caveat, supported by her

14

affidavit (e.g., denying that "Defendants Sunshine and Daugherty conduct no screening of the tenants with respect to criminal history or propensity to engage in criminal activity in the future", proposed Answer, ¶ 22).  Doc. 12, p. 4.  The Circuit Court cited no authority for refusing to consider, for the purposes of the meritorious defense prong, verified statements of a person with personal knowledge that deny allegations that are central to the plaintiff's claim.

The circuit court gave similarly short thrift to Appellants' proposed affirmative defenses, which asserted that any fault must be apportioned to Defendant Gibson, the person who actually attacked plaintiff.  Doc. 12, p. 17.  The Court refused to consider these defenses on the basis that they were overly conclusory and failed to state facts that would support the allegation of comparative fault or contributory negligence.  Doc. 27, p. 8.  However, as Appellants explained in their reply in support of the motion to set aside, the allegations of Plaintiff's own petition establish the merit of these affirmative defenses.  Doc. 22, p. 10.  Again, the Circuit Court did not cite any authority for refusing to consider this argument.

The case of Yerkes v. Asberry, 938 S.W.2d 307 (Mo. App. E.D. 1997) is instructive on the issue of whether Appellants' proposed Answer satisfies the meritorious defense requirement.  In Yerkes, the plaintiff brought claims for misrepresentation and conspiracy against a notary and the surety on the notary's bond based on alleged notarial misconduct, and defendants subsequently defaulted.  Id. at 308-309.  In the surety's motion to set aside, the defendants relied entirely on the allegations in the plaintiff's petition and the defendant's proposed affirmative defenses to establish the meritorious

15

defense element under Rule 74.05(d).  Id. at 310.  Specifically, the defendant pointed to

the plaintiff's allegation that that she signed the documents in question, and argued that it

could therefore prove the alleged defect in the notarization was not a proximate cause of

the plaintiff's damages.  Id.  The defendant's motion to set aside also included a proposed

answer pleading that the plaintiff's negligent actions, as described in her own petition,

contributed to her damages.  Id.

On appeal from the trial court's denial of the motion to set aside, the court in

Yerkes held that the allegations in the plaintiff's own petition and the defendant's

assertion of the defense of comparative fault were sufficient to establish a meritorious

defense.  Id.  The court further noted that the default judgment against the notary was set

aside and the claims remained pending, creating a risk of inconsistent judgments.  Id.

This case is strikingly similar.  As in Yerkes, it is Respondent's own allegations

which indisputably establish the merit of Appellants' proposed affirmative defense,

which in this case includes both comparative fault and contributory negligence.  In

particular, Appellants' proposed Answer asserts the following defenses:

> 1. Defendants Daugherty and AAA invoke the doctrine of pure
> comparative fault (Gustafson v. Benda, 661 S.W. 2d 11 (Mo. banc 1983)),
> and request that this Court apportion fault among all the parties to this
> lawsuit; including application of the doctrine of contributory negligence,
> and that this Court require that Defendant Gibson and Plaintiff be held
> responsible for the fault of each of them for whatever injuries Plaintiff
> proves that he suffered.

> 2. Defendant Gibson's misconduct was the sole cause of Plaintiff's
> alleged injuries.

Doc. 12.  As in <u>Yerkes</u>, Respondent's own allegations demonstrate these defenses are meritorious.  Cole's Petition alleges that Defendant Gibson, not either of the Appellants, violently attacked Respondents in his home.  Doc. 2, p. 5.  Thus, similar to <u>Yerkes</u>, the allegations in Respondent's pleading could arguably support Appellants' affirmative defense that Gibson was the sole proximate cause of the plaintiff-respondent's injuries, and also Appellants' defenses of comparative fault and contributory negligence. Moreover, as in <u>Yerkes</u>, the claims against Defendant Gibson remained pending at the time the Trial Court entered its Judgment.  Doc. 8; Doc. 28.  Thus, at that juncture there was a real risk that Defendant Gibson could be found not liable for attacking Respondent while Appellants are held liable for not preventing Defendant Gibson from attacking Respondent.

Thus, Appellants' proposed affirmative defenses, when read together with the allegations in the Petition, as well as Appellants' verified denials of the allegations in the petition concerning Appellants' alleged negligent upkeep of the property in question and Defendant Gibson's violent tendencies, are more than sufficient to satisfy the very low bar that is the meritorious defense requirement under Rule 74.05(d).

## CONCLUSION

For the foregoing reasons, the Circuit Court judgment denying Appellant's Motion to Set Aside should be reversed.[4]

---

[4] The Circuit Court did not decide whether Appellants satisfied the "reasonable time" requirement pursuant to Rule 74.05(d).  However, the Judgment cannot be affirmed on that alternative basis because, among other reasons, Respondent did not allege or adduce

17

KISTNER, HAMILTON, ELAM & MARTIN, LLC

By: /s/ Elkin L. Kistner
     Elkin L. Kistner                 #35287
     William E. Kistner        #70540
     1406 North Broadway
     St. Louis, MO 63102
     Telephone: (314) 783-9867
     Facsimile:  (314) 944-0950
     E-mail: elkinkis@law-fort.com
     E-mail: bill@law-fort.com
     *Attorneys for Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of June, 2025, the foregoing Appellants Brief was filed electronically via Missouri Case.net and served to counsel for Respondents.

By: /s/ Elkin L. Kistner
*Attorney for Appellant*

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing brief complies with the limitations contained in Rule 84.06(b) and Local Rule 360, and that the brief contains 4,088 words.

By: /s/ Elkin L. Kistner
*Attorney for Appellant*

---

evidence that he was prejudiced by any delay in the filing of Appellants' Motion to Set Aside.  Hopkins v. Mills-Kluttz, 77 S.W.3d 624, 626 (Mo. App. E.D. 2002)

18

Electronically Filed - CITY OF ST. LOUIS - August 02, 2024 - 07:53 PM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

JAMES COLE,           )
                   )
                   )
     Plaintiff,      )
                   )    Case Number: 2322-CC00795
v.                  )
                   )    Division Number: 1
AAA SUNSHINE INVESTMENTS,  )
LLC, et al.,          )
                   )
                   )
     Defendants.   )

### AFFIDAVIT OF DACK DAUGHERTY

COMES NOW Dack Daugherty and states on his oath:

1.     I am over 21 years of age and have personal knowledge of the facts that I have described in this affidavit.

2.     I am presently incarcerated In the United States Medical Center for Federal Prisoners located in Springfield MO ("USMCFP"). My prisoner number is: 34258-0440.

3.     I have been a prisoner at the USMCFP since approximately March 19, 2024, and immediately before that I was incarcerated at the City of Ann Missouri jail since December 6, 2023.

4.     I have read the Petition in the above- captioned lawsuit ("Lawsuit"), a copy of which is attached hereto as Exhibit A. I recall that my sister, Dara J. Daugherty, who is a Defendant in this Lawsuit, told me sometime in the spring or early summer of 2023, that she had been served with a copy of the Petition and what to do in response to it ("Conversation"). Dara and I have always been close siblings, and throughout my life I have assisted her with her business affairs. However, for over 20 years, I have had serious substance abuse problems, and

# EXHIBIT 1-A
Exhibit 2

Electronically Filed - CITY OF ST. LOUIS - August 02, 2024 - 07:53 PM

have had, and continue to have, addictions to cocaine and methamphetamine.  I recall telling Dara within a week of our Conversation that I would find an attorney to enter an appearance in the Lawsuit for her and AAA Sunshine Investments LLC ("AAA"), and that I took the copy of the Petition, and a summons she and been served with as well, in order to accomplish what I promised her I would do. However, I do not recall ever getting an attorney to even review the summons or the Petition or to agree to represent Dara or AAA connection with the Lawsuit and I now know that I failed to fulfill my promise to Dara. I did not intend to fail her or to put her in a situation in which she could be perceived as disrespecting our judicial system. I also remember that I  told Dara within days after I took the summons and Petition from her that I had actually found an attorney to enter an appearance for her and AAA in the Lawsuit.

Electronically Filed - CITY OF ST. LOUIS - August 02, 2024 - 07:53 PM

FURTHER AFFIANT SAYETH NOT.

Dack Daugherty

STATE OF MISSOURI )
) SS
GREENE COUNTY )

DACK DAUGHERTY, being duly sworn upon his oath, states that he has read the foregoing and the information given is true according to his best knowledge, information and belief.

Subscribed and sworn to before me on this 10 day of May, 2024.

Notary Public, State of Missouri

My Commission Expires: 08-30-2026

ALLISON C. PHILLIPS
Notary Public, Notary Seal
State of Missouri
Greene County
Commission # 22945620
My Commission Expires 08-30-2026